UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BILLY W. LOCKE,<br><br>Plaintiff,<br><br>v.<br><br>DEWAYNE THOMIS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-CV-278-TAV-JEM |

**ORDER AND REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 7] and Complaint [Doc. 9]. For the reasons more fully stated below, the Court **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 7**]. The Court will therefore allow Plaintiff to file his Complaint without the prepayment of costs. The Court, however, **RECOMMENDS** that the District Judge dismiss Plaintiff's Complaint [Doc. 9].

## I. DETERMINATION ABOUT THE FILING FEE

Plaintiff has filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), with the required detailing of his financial condition, and his Prisoner Account Statement Certificate ("Certificate") as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2) [Doc. 7]. Plaintiff attests that he is not able to afford the filing fee. The Application and his Certificate demonstrate that Plaintiff has no income and no assets and is unable to prepay such fees. Accordingly, the Court **GRANTS** Plaintiff's Application [**Doc. 7**].

Because Plaintiff is an inmate in the Polk County Jail, however, he is **ASSESSED** the civil filing fee of $350.00. The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to

submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) & (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Court **DIRECTS** the Clerk to send a copy of this order to the custodian of inmate accounts at the institution where Plaintiff is now confined to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA relating to payment of the filing fee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

The Court **DIRECTS** the Clerk to file the Complaint in this case without payment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II. RECOMMENDATIONS AFTER SCREENING THE COMPLAINT

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [28 U.S.C.

§§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Specifically, under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must provide:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleading is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). Otherwise, the complaint is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**A. Summary of the Complaint**

Plaintiff brings this action against General Session Court Judge of Monroe County Tennessee, Dewayne Thomis [Doc. 9-1 p.1]. The Complaint alleges the following facts:

> On May 26-2024, I was accused of a burglary that I had nothing to do with. I never set foot in the court room until June 18th 2024. All other proceedings [were] done through my court appointed attorney. Because I was in jail the [w]hole time, on June 18th 2024 my charge was dismissed, an[d] upon this I attempted to ask the judge some questions. But he stops me, an[d] tells me that it would be in my best interest to shut up, an[d] not say anything. This was done in a most disrespectful manner, like he just knew for a fact that I d[id] what I was accused of doing. An[d] upon the judge telling me to shut up the courtroom officer puts his hands on me

> an[d] forces me out of the courtroom. I never got to say the first word to the judge or my attorney. I was in the courtroom for mayb[e] 2 minutes.

[*Id.* at 1–2]. Based on these facts, Plaintiff maintains that he was deprived of his "right to be heard," in violation of the First, Fifth, and Fourteenth Amendments to the United States Constitution; Article I, Section 9 of the Tennessee Constitution; and Section 39-17-309 of the Tennessee Code [*Id.*]. He seeks $250,000 in damages [*Id.* at 2].

**B. Screening of the Complaint**

Because the Complaint alleges violations of Plaintiff's federal constitutional rights, the Court construes this action under 42 U.S.C. § 1983. Section 1983 allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S.144, 150 (1970).

Here, Plaintiff's Complaint suffers from two significant problems. First, this action is barred by judicial immunity. "Judicial immunity . . . is an immunity from suit, not just from an ultimate assessment of damages." *Archie v. Lanier*, 95 F.3d 438, 440 (6th Cir. 1996) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). There are only two circumstances where judicial immunity can be overcome: (1) the judge's actions are "nonjudicial," meaning that they were "not taken in the judge's judicial capacity" or (2) the judge's actions were judicial but were "taken in the compete absence of all jurisdiction." *Id.* at 440–41 (citing *Mireles*, 502 U.S. at 11). Plaintiff does not allege that Judge Thomis lacked jurisdiction. Therefore, judicial immunity applies unless Judge Thomis's actions were not "judicial."

"Whether [a judge's] actions were judicial acts must be answered by looking at the nature and function of the act, not the act itself." *Id.* at 441 (citation modified). Here, Judge Thomis's conduct involved refusing to prolong Plaintiff's hearing after the criminal charges were dismissed and permitting a court official to remove Plaintiff from the courtroom. Regardless of Judge Thomis's manner, this conduct involved courtroom management, which is a judicial function. *See*, *e.g. Mireles*, 502 U.S. at 10, 12 (finding that plaintiff's claim that the judge ordered officers to use unnecessary force to bring him into the courtroom was barred by judicial immunity because ordering parties before the court is a judicial function); *Napier v. Jonas*, File No. 1:94-CV-630, 1995 U.S. Dist. LEXIS 2701, at *7 (W.D. Mich. Feb. 10, 1995) (finding that judge's "request that Plaintiff be removed from the courtroom was a judicial act" because "[m]aintaining order and discipline in the courtroom is a function normally performed by a judge"); *Leaphart v. Stephens*, No. 08-12277, 2008 U.S. Dist. LEXIS 42726, at *3 (E.D. Mich. May 30, 2008) (finding that judge's decision to adjourn a case was protected by judicial immunity, noting that "[c]ontrol of the judge's court and courtroom is considered a judicial function"). Because Judge Thomis was engaged in a judicial function, he is immune from suit in this case.

Moreover, even if judicial immunity did not apply, the Complaint fails to state a plausible claim against Judge Thomis. Plaintiff's primary complaint is that Judge Thomis deprived him of his "right to be heard." It is true that a criminal defendant has a due process right to put forth a defense, which includes the right to be heard. *United States v. Chalhoub*, 946 F.3d 897, 904 (6th Cir. 2020). But Plaintiff cites no authority showing that he has a constitutional right to be heard when, as here, the judge has already dismissed the charges against him. Plaintiff also claims that Judge Thomis behaved in a rude or disrespectful manner. But "[i]t is well settled that neither verbal harassment nor the mere use of abusive language can support liability under § 1983." *Farris v.*

*City of Memphis*, No. 07-2659-JDB/dkv, 2008 LX 31100, at *5 (W.D. Tenn. May 5, 2008) (citing *Ivey v. Wilson,* 832 F.2d 950, 955 (6th Cir. 1987)).[1]

To the extent Plaintiff raises state-law claims against Judge Thomis, there is no basis for supplemental or diversity jurisdiction. Federal courts have jurisdiction over state-law claims when there is diversity of citizenship, meaning the parties are "citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity of citizenship exists where (1) the plaintiff is a citizen of one state and all of the defendants are citizens of other states, and (2) the amount in controversy is more than $75,000. *Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013). While Plaintiff seeks $250,000 in compensatory relief, he has not alleged facts to show that diversity of citizenship exists in this case. Based on the allegations in the Complaint, and reasonable inferences from those allegations, Plaintiff and Judge Thomis are citizens of Tennessee [*See* Doc. 9-1].

### C. Amending the Complaint

The Court has considered whether to allow Plaintiff to amend his Complaint. But Plaintiff's § 1983 claims are frivolous and barred as a matter of law. Therefore, the Court finds that justice does not require granting him an opportunity to amend.

---

[1] To the extent Plaintiff attempts to raise an excessive force claim against Judge Thomis, based on his removal from the courtroom, his claim also fails. Under § 1983, a plaintiff must make a clear showing that the particular defendant was personally involved in the activity that forms the basis of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution."). Here, the Complaint does not include facts indicating that Judge Thomis ordered or encouraged the courtroom officer to use excessive force.

## III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 7**]. But no process shall issue until the District Judge has ruled upon this Report and Recommendation[2] because the undersigned **RECOMMENDS**[3] that the Complaint [**Doc. 9**] be **DISMISSED** in its entirety.

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[2] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of the Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).